▮ In the Matter of GEORGE R. CAFISO et al., Respondents, v. FRANK GROSS, as Sheriff of the County of Suffolk, et al., Appellants.— In an article

78 proceeding, the appeal, as limited by appellants' brief, is from so much of a judgment of the Supreme Court, Suffolk County, entered October 1, 1971, as provided that those petitioners who had not previously held the title of Deputy Sheriff in the Department of the Sheriff of the County of Suffolk are eligible for promotion to the next higher grade in the title of Deputy Sheriff. Judgment affirmed insofar as appealed from, with costs. No opinion. Hopkins, Acting P. J., Munder and Latham, JJ., concur; Martuscello and Shapiro, JJ., dissent and vote to modify the judgment in accordance with the following memorandum: The local law which directed the Suffolk County Civil Service Commission to classify the personnel in the Department of the Sheriff provided that all employees who had served therein for one year prior to the local law's effective date "shall be covered in to their respective positions without examination" (Local Laws, 1968, No. 14 of County of Suffolk, § 2). Petitioners Erwin, Dayton, Pauge, Petruccelli, Schroder and Townsend had previously been Radio Dispatchers and were reclassified as Radio Operators. In this proceeding they successfully sought to be reclassified as Deputy Sheriffs with the salary, retirement benefits and promotional opportunities of that title. Although they were hired by the Sheriff they did not perform the duties of a Deputy Sheriff. Accordingly the Civil Service Commission (succeeded by the Suffolk County Personnel Officer) could not, by stipulation or otherwise, classify them as Deputy Sheriffs and thereby qualify them for promotion in such title. The judgment should therefore be modified by deleting so much of the second, fourth and seventh decretal paragraphs thereof as ordered respondents to consider said petitioners eligible for promotion to a higher salary grade in the title of Deputy Sheriff.